IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

WACHOVIA SECURITIES, LLC, ) 8:06CV233
)
      Plaintiff, )
) **MEMORANDUM**
vs. ) **AND ORDER**
)
MICHAEL J. RIDDLE, )
)
      Defendant. )

This matter is before the court on Plaintiff's motion to confirm arbitration award (filing 1) and on Defendant's motion to dismiss (filing 10). Defendant's motion will be denied. Plaintiff's motion will be granted, and judgment will be entered on the arbitration award.

In a related case filed on February 23, 2005,[1] the defendant herein, Michael J. Riddle, sought to vacate an arbitration award that was issued on December 6, 2004, by a National Association of Securities Dealers ("NASD") panel in Omaha, Nebraska. The panel awarded the plaintiff herein, Wachovia Securities, LLC (formerly known as Wachovia Securities, Inc.), $575,098.00 in compensatory damages, $109,265.00 in interest, $9,191.00 in attorney's fees, and $9,690.00 in costs, for a total award of $703,244.00. I dismissed that case with prejudice on December 12, 2005.[2] Wachovia thereafter filed a motion to alter or amend judgment to provide that the arbitration award was confirmed. I denied Wachovia's motion without prejudice to it filing a

---

[1] Michael J. Riddle v. Wachovia Securities, LLC, Case No. 8:05CV87.

[2] The case currently is on appeal to the United States Court of Appeals for the Eighth Circuit.

separate action for confirmation of the award pursuant to the Federal Arbitration Act, 9 U.S.C. § 9.[3]  The present case was filed for that purpose on February 22, 2006.

Wachovia requests that the court enter judgment for the sum of $753,761.20, which includes interest from December 6, 2004, through February 16, 2006, on the award balance of $703,244.00, plus accruing interest (at the rate of 6% per annum, or $115.60 per day) and costs.  Riddle's only response to the motion has been to claim that it is barred by the statute of limitations, and to request that the case be dismissed on that basis.

As stated in my previous memorandum and order, it is the law in this circuit that 9 U.S.C. § 9 is a permissive statute and does not require that a party file for confirmation of an arbitration award within the 1-year period provided therein.  See Val-U Constr. Co. v. Rosebud Sioux Tribe, 146 F.3d 573, 581 (8th Cir. 1998).  While this view has been criticized, see, e.g., General Elec. Co. v. Anson Stamping Co., 426 F. Supp. 2d 579, 590 (W.D. Ky. 2006), it is not my place as a district court judge to re-examine the Court of Appeals' express holding.  See Hood v. United States, 342 F.3d 861, 864 (8th Cir. 2003) (a district court located within the Eighth Circuit is bound to apply Eighth Circuit precedent). Indeed, under the doctrine of stare decisis, one panel of the Court of Appeals cannot overrule an earlier decision of the court. Pediatric Specialty Care, Inc. v. Arkansas Dept. of Human Services, 443 F.3d 1005, 1013 n. 8 (8th Cir. 2006).  Thus, to the extent Riddle argues that Val-U Construction is no longer good law because of dicta appearing in two subsequent Eighth Circuit decisions, Int'l Brotherhood of Elec. Workers, Local 545 v. Hope Electrical Corp.,

---

[3] Section 9 provides in relevant part: "If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title."  9 U.S.C.A. § 9 (West 1999).

2

293 F.3d 409, 417 (8th Cir. 2002) ("The limitation period [erroneously] relied upon by Hope, 9 U.S.C. § 9, provides a one year limitations period for actions to confirm [not to vacate] arbitration awards.") (emphasis in original), and RGA Reinsurance Co. v. Ulico Cas. Co., 355 F.3d 1136, 1139 (8th Cir. 2004) ("A party seeking confirmation of an arbitration must file a petition to confirm within one year after the award.") (citing Val-U Construction), I reject such argument.

Considering that Riddle filed an action to vacate the arbitration award, which was pending in this court from February 23, 2005, until January 12, 2006, when I denied Wachovia's Rule 59(e) motion, and that such action was vigorously defended by Wachovia, I find no basis for rejecting Wachovia's current motion as untimely. Specifically, Riddle has not demonstrated that he has been prejudiced in any way by Wachovia's failure to make an earlier application to the court. Thus, Riddle's motion to dismiss will be denied.

Absent a timely motion to vacate, in most cases "the confirmation of an arbitration award is a summary proceeding that makes what is already a final arbitration award a judgment of the court." Domino Group, Inc. v. Charlie Parker Memorial Foundation, 985 F.2d 417, 420 (8th Cir. 1993) (quoting Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir.1984)). I previously determined in the related case filed by Riddle that there is no basis for vacating the award. In the present case, Riddle does not suggest any additional reason—apart from the claimed statute of limitations—why judgment should not be entered. Because Wachovia has made a sufficient showing under 9 U.S.C. § 9 that it is entitled to have this court enter judgment on the arbitration award, and that the amount of the prejudgment interest requested is proper, I will grant its motion.

Accordingly,

3

IT IS ORDERED that:

1. Defendant's motion to dismiss (filing 10) is denied.

2. Plaintiff's motion to confirm award (filing 1) is granted.

3. Judgment shall be entered by separate document, generally providing that Plaintiff shall recover from Defendant the sum of $753,761.20, plus interest in the amount of $115.60 per day beginning on February 17, 2006, and continuing through today's date, and the taxable costs of this action.

July 26, 2006.                    BY THE COURT:

                                  s/ *Richard G. Kopf*
                                  United States District Judge